Harry S. Taubenfeld, Esq. Village Attorney, Cedarhurst
You have asked whether a person may simultaneously serve as the chairperson of a county planning commission and as a member of a village zoning board of appeals of a village in the same county.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
A village zoning board of appeals determines appeals from orders and decisions by administrative officials charged with enforcement of zoning regulations, decides other matters referred to it under the terms of local zoning regulations and makes determinations on applications for variances (Village Law, § 7-712).
County planning agencies review proposed zoning and planning actions by cities, towns and villages within the county in order to coordinate zoning and planning on a county-wide basis (General Municipal Law, § 239-1). Specifically, each municipal agency having jurisdiction to adopt or amend zoning regulations, approve site plans, issue special permits or grant variances is required, prior to taking final action, to refer certain of these matters to the county planning commission (id., § 239-m).
 "The terms `special permit' and `site plan' shall be deemed to include any special permit, use permit, exception, or other special authorization which a board of appeals, planning board or legislative body is authorized to issue under the provisions of any zoning ordinance" (ibid.).
If the county planning agency disapproves the proposal or recommends modifications, the municipal agency having jurisdiction may not act contrary to this disapproval or recommendation except by vote of a majority plus one of its members (ibid.).
Thus, certain matters pending before the village zoning board of appeals must be submitted to the county planning commission for review. A person serving in both capacities would be placed in a position of reviewing proposed decisions he or she had participated in as a member of the village zoning board of appeals. In our view, under these circumstances the functions and duties of the two positions are incompatible. Thus, a person should not simultaneously hold these positions.
We conclude that a person may not simultaneously serve as the chairperson of a county planning commission and as a member of a village zoning board of appeals of a village located within the same county.